AURORA URIARTE DE MARTÍNEZ, Plaintiff and Appellant, *v.* GONZÁLEZ PADÍN COMPANY, INC., Defendant and Appellee.

No. 3776. Argued March 12, 1926.—Decided May 18, 1926.

432

*Luis Janer, O. M. Wood, Luis E. Dubón* and *M. Benítez Flores* for the appellant. *Travieso & Iriarte* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The grounds alleged by the appellant for a reversal of the judgment dismissing her complaint are that the trial court erred in weighing the evidence and as it does not follow from an examination of the evidence that the judgment in favor of the defendant should be reversed, its allegation that there was no cause of action need not be considered.

By her complaint Aurora Uriarte de Martínez sues the defendant corporation, González Padín Company, for an amount of money as damages for certain words uttered by one of its employees to the plaintiff, alleging in her complaint that on December 14, 1923, while she was in the establishment of the defendant looking at some handkerchiefs she left the counter without buying them and went a short distance to speak to a friend, whereupon she was approached by an employee of the defendant, who in a brusque and discourteous manner asked her to give him a box which she had in her hands; that when she asked him why he wanted it he replied that it was because she had stolen a handkerchief; that he said this maliciously and without any cause or reason, knowing that it was false; that he snatched the box from her and unwrapped and opened it before all of the customers who were then present in the defendant's establishment, and that when the said employee found that the box contained some bibs that had been embroidered by the plaintiff he threw it on the counter and left the place.

The theory of the answer was a general denial and an

averment that when the ·employee noticed that the plaintiff had in her hand a box of handkerchiefs unwrapped, which was very much like those sold in the store, he approached her and asked her to allow him to wrap the box, as was customary, and she handed it to him willingly to be wrapped.

Both parties presented evidence at the trial in regard to the way in which each party alleges the facts occurred. The plaintiff's evidence consisted of her testimony and that of two other witnesses, and the court held that considering the passionate testimony of the two witnesses for the plaintiff, they had marked interest in testifying in her favor which led them to make an illogical statement of the facts. The court was inclined to believe that the facts occurred as stated by the defendant's witnesses, although they were its employees, because by their way of testifying they showed that they had no interest in giving an impression of the facts favorable to the defendant, and that the evidence as a whole was not in favor of the plaintiff.

The evidence at the trial was contradictory and it is not alleged by the appellant that the court decided its conflict through passion, prejudice or partiality, and the evidence does not show that there was manifest error in the adjustment of the said conflict, particularly as the court heard and saw the witnesses testify, being, therefore, in a better position than is this court to determine on which side was credibility and a preponderance of the evidence.

The judgment appealed from must be affirmed.